# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CICI ENTERPRISES, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-06-1029-F |
| ) | |
| DUFORNI, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

"Plaintiff Cici Enterprises, L.P.'s Application for Temporary Restraining Order ...and Request for Emergency Hearing," filed September 25, 2006, is before the court. (Doc. no. 7.)

Plaintiff's motion requests a temporary restraining order be put in place without notice to the opposing side. Rule 65(b), Fed. R. Civ. P., governs the grant or denial of a temporary restraining order. That rule states that a temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney *only* if 1) it appears from specific facts shown by affidavit or by a verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, *and* 2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. (Emphasis added.)

Plaintiff has complied with neither of these requirements, both of which are mandatory. With respect to the first requirement, although the complaint and the application both make statements regarding the nature of the injury as "immediate," "irreparable," or as deserving of emergency relief, there are no facts shown by affidavit (or by a verified complaint) indicating that immediate and irreparable injury will result *before the adverse party or that party's attorney can be heard in opposition* to the application for a temporary restraining order. With respect to the second requirement, plaintiff's attorney has not certified a statement of any efforts which have been made to give notice of the application for a temporary restraining order to the opposing party, and no reasons are certified as to why notice should not be required.[1]

For a temporary restraining order to be entered without notice to the opposing party, the requirements of Rule 65(b) must be scrupulously observed. *See, generally*, 13 Moore's Federal Practice, § 65.32 at n.6 (Matthew Bender 3d ed.). A temporary restraining order is an extraordinary remedy which will not be granted *ex parte* if there is no compelling reason presented to the court to do so. *Id*. at §65.34. Accordingly, unless a very strong showing is made for the necessity and desirability of an *ex parte* temporary restraining order, a court will usually deny such a remedy. *Id*.

Here, the explicit and strict requirements of Rule 65(b) – which protect the non-moving party from an injunction entered against him or her without notice and without the opportunity to be heard – have not been met. The application for a temporary restraining order is therefore **DENIED**. If plaintiff wishes to pursue a preliminary injunction with notice to the other side, plaintiff may move separately for

---

[1] There is an attorney affidavit attached to the complaint (at Ex.9) which states that certain attached letters have been sent by counsel for CiCi's to the defendants. The affidavit states that no response to these demand letters has been received. This affidavit says nothing, however, as to why irreparable injury will result before the adverse party (or that party's attorney) can be heard in opposition to the motion for a temporary restraining order.

that relief, giving notice of the motion to the opposing party, in which case the court will then establish procedures for hearing or otherwise determining the motion.

Dated this 26th day of September, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-1029p006(pub).wpd

-3-